FILED
CLERK, U.S. DISTRICT COURT

JUN 30 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ALBERT WYATT,                    )   NO. CV 07-636-GHK(E)
                                     )
12               Petitioner,         )
                                     )   ORDER ADOPTING FINDINGS,
13          v.                       )
                                     )   CONCLUSIONS AND RECOMMENDATIONS
14  D.K. SISTO,                      )
                                     )   OF UNITED STATES MAGISTRATE JUDGE
15               Respondent.         )
                                     )
16  _____ )

17

18       Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition,

19  all of the records herein and the attached Report and Recommendation

20  of United States Magistrate Judge.  The Court approves and adopts the

21  Magistrate Judge's Report and Recommendation.

22

23       IT IS ORDERED that Judgment be entered denying and dismissing the

24  Petition with prejudice.

25  ///

26  ///

27  ///

28  ///

1    IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2  the Magistrate Judge's Report and Recommendation and the Judgment

3  herein by United States mail on Petitioner and counsel for Respondent.

4

5    LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7    DATED: _____6/30_____, 2008.

8

9

10   _____

11              GEORGE H. KING
            UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                          2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT WYATT, | ) NO. CV 07-636-GHK(E) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION OF |
| | ) |
| D.K. SISTO, | ) UNITED STATES MAGISTRATE JUDGE |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

This Report and Recommendation is submitted to the Honorable George H. King, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on January 26, 2007.  Respondent filed a Motion to Dismiss the Petition on April 23, 2007.  Petitioner filed an Opposition on June 7, 2007.

1    Although the Petition was unclear, Petitioner appeared to

2    challenge an April 23, 2003 decision of the California Board of Parole

3    Hearings ("Board") denying Petitioner parole.[1]  Petitioner also

4    appeared to assert that: (1) the Board allegedly denied Petitioner a

5    timely parole hearing in violation of California Penal Code section

6    3041.5(b)(2); (2) the composition of the Board allegedly violated

7    Petitioner's plea agreement and his Due Process rights; and

8    (3) Petitioner should be permitted to withdraw his plea because the

9    State allegedly breached Petitioner's plea agreement, purportedly by

10   denying Petitioner a timely hearing, failing to ensure a properly

11   composed Board, and implementing an asserted "no parole" policy.  In

12   the Motion to Dismiss, Respondent contended, _inter alia_, that the

13   Petition was second or successive to Petitioner's previous habeas

14   corpus petition in this court in Wyatt v. Carey, CV 04-9106-GHK (E),

15   in which Petitioner had challenged the Board's April 23, 2003 denial

16   of parole.  See Burton v. Stewart, 127 S. Ct. 793, 796, 799 (2007)

17   (district court lacks jurisdiction to entertain second or successive

18   petition where petitioner does not obtain authorization from the Court

19   of Appeal to file petition); 28 U.S.C. § 2244(b)(3)(A).

20

21       On June 27, 2007, the Court issued an Order indicating that it

22   was unclear from the Petition whether, in this proceeding, Petitioner

23   again was challenging the Board's April 23, 2003 denial of parole.

24   The Court ordered Petitioner to file a First Amended Petition

25   clarifying the claims Petitioner intended to pursue in this

26   ──────────────

27       [1]  On July 1, 2005, the Board of Prison Terms was
     abolished and replaced by the Board of Parole Hearings.  See Cal.
     Penal Code § 5075(a).  For convenience, the Court refers to both
28   entities as the "Board."

1 proceeding.  On August 9, 2007, Petitioner filed a First Amended

2 Petition, which contains two claims: (1) the Board allegedly violated

3 Petitioner's asserted Due Process right to a timely hearing, allegedly

4 by delaying Petitioner's subsequent parole hearing for eight months;

5 and (2) the Board's alleged violation of Petitioner's right to a

6 timely hearing assertedly violated the terms of Petitioner's plea

7 agreement.

8

9       On November 21, 2007, Respondent filed an Answer.  On January 9,

10 2008, Petitioner filed a Traverse.

11

12                               **BACKGROUND**

13

14       In 1982, Petitioner pled guilty to second degree murder and

15 received a sentence of fifteen years to life (Motion to Dismiss,

16 Ex. 1; Answer, Ex. 15).  On April 23, 2003, the Board conducted a

17 subsequent parole hearing and denied Petitioner parole for two years

18 (Motion to Dismiss, Ex. 2).

19

20       Petitioner filed a habeas petition in the Los Angeles County

21 Superior Court, which that court denied on October 23, 2003 (Motion to

22 Dismiss, Ex. 5).  Petitioner filed a habeas petition in the California

23 Court of Appeal on November 17, 2003, which that court denied without

24 opinion on December 4, 2003 (Motion to Dismiss, Ex. 5).  Petitioner

25 filed a habeas petition in the California Supreme Court on

26 December 30, 2003, which that court denied without opinion on

27 October 13, 2004 (Motion to Dismiss, Ex. 6).  Meanwhile, on March 11,

28 2004, Petitioner filed a habeas petition in the Los Angeles County

1   Superior Court, which that court denied in a reasoned opinion on

2   June 9, 2004 (Motion to Dismiss, Ex. 7).  On June 25, 2004, Petitioner

3   filed a habeas petition in the California Court of Appeal, which that

4   court denied on July 13, 2004 (Motion to Dismiss, Ex. 8).

5

6        On September 2, 2005, Petitioner filed another habeas petition in

7   the Los Angeles County Superior Court, alleging, _inter alia_, that the

8   Board had violated Petitioner's rights by failing to hold a timely

9   subsequent parole hearing (Motion to Dismiss, Ex. 9).  On

10  September 19, 2005, the Superior Court denied the petition as moot,

11  stating that the only remedy the court could provide was to order a

12  parole hearing, and that Petitioner's next parole hearing already had

13  been scheduled for December 29, 2005 (Motion to Dismiss, Ex. 9).

14

15       On October 19, 2005, Petitioner filed a habeas petition in the

16  California Court of Appeal, again asserting, _inter alia_, his claim of

17  delay in holding a subsequent parole hearing (Motion to Dismiss,

18  Ex. 10).  On December 29, 2005, the Board conducted a subsequent

19  parole hearing and denied Petitioner parole for one year (Answer,

20  Ex. 16).  On February 15, 2006, the Court of Appeal denied the

21  petition, stating that the petition failed to demonstrate that the

22  Board's delay in conducting a parole hearing was a breach of a plea

23  agreement, or entitled Petitioner to immediate release from prison or

24  to withdraw the plea agreement (Motion to Dismiss, Ex. 10).  The Court

25  of Appeal also indicated that the Board had conducted the subsequent

26  parole hearing "on December 28, 2005 [sic]" and had denied parole

27  (Motion to Dismiss, Ex. 10).

28  ///

4

1    On March 23, 2006, Petitioner filed a habeas petition in the

2  California Supreme Court, which that court denied without opinion on

3  November 29, 2006 (Motion to Dismiss, Ex. 11).

4

5                        **STANDARD OF REVIEW**

6

7    A federal court may not grant an application for writ of habeas

8  corpus on behalf of a person in state custody with respect to any

9  claim that was adjudicated on the merits in state court proceedings

10  unless the adjudication of the claim: (1) "resulted in a decision that

11  was contrary to, or involved an unreasonable application of, clearly

12  established Federal law, as determined by the Supreme Court of the

13  United States"; or (2) "resulted in a decision that was based on an

14  unreasonable determination of the facts in light of the evidence

15  presented in the State court proceeding."  28 U.S.C. § 2254(d);

16  Woodford v. Visciotti, 537 U.S. 19, 24-26 (2002); Early v. Packer, 537

17  U.S. 3, 8 (2002); Williams v. Taylor, 529 U.S. 362, 405-09 (2000).

18

19    "Clearly established Federal law" refers to the governing legal

20  principle or principles set forth by the Supreme Court at the time the

21  state court renders its decision.  Lockyer v. Andrade, 538 U.S. 63

22  (2003).  A state court's decision is "contrary to" clearly established

23  Federal law if: (1) it applies a rule that contradicts governing

24  Supreme Court law; or (2) it "confronts a set of facts . . .

25  materially indistinguishable" from a decision of the Supreme Court but

26  reaches a different result.  See Early v. Packer, 537 U.S. at 8

27  (citation omitted); Williams v. Taylor, 529 U.S. at 405-06.

28  ///

1  Under the "unreasonable application prong" of section 2254(d)(1),
2  a federal court may grant habeas relief "based on the application of a
3  governing legal principle to a set of facts different from those of
4  the case in which the principle was announced." Lockyer v. Andrade,
5  538 U.S. at 76 (citation omitted); see also Woodford v. Visciotti, 537
6  U.S. at 24-26 (state court decision "involves an unreasonable
7  application" of clearly established federal law if it identifies the
8  correct governing Supreme Court law but unreasonably applies the law
9  to the facts). A state court's decision "involves an unreasonable
10 application of [Supreme Court] precedent if the state court either
11 unreasonably extends a legal principle from [Supreme Court] precedent
12 to a new context where it should not apply, or unreasonably refuses to
13 extend that principle to a new context where it should apply."
14 Williams v. Taylor, 529 U.S. at 407 (citation omitted).
15
16 "In order for a federal court to find a state court's application
17 of [Supreme Court] precedent 'unreasonable,' the state court's
18 decision must have been more than incorrect or erroneous." Wiggins v.
19 Smith, 539 U.S. 510, 520 (2003) (citation omitted). "The state
20 court's application must have been 'objectively unreasonable.'" Id.
21 at 520-21 (citation omitted); see also Clark v. Murphy, 331 F.3d 1062,
22 1068 (9th Cir.), cert. denied, 540 U.S. 968 (2003). In applying these
23 standards, this Court looks to the last reasoned state court decision.
24 See Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). To
25 the extent no such reasoned opinion exists, as where a state court
26 rejected a claim in an unreasoned order, this Court must conduct an
27 independent review to determine whether the decisions were contrary
28 to, or involved an unreasonable application of, "clearly established"

6

1  Supreme Court precedent.  See Delgado v. Lewis, 223 F.3d 976, 982 (9th

2  Cir. 2000).

3

4                              DISCUSSION

5

6       For the following reasons, the First Amended Petition should be

7  denied and dismissed with prejudice.

8

9  I.   **Petitioner Is Not Entitled to Habeas Relief on His Claim of Delay**

10      **in Holding a Subsequent Parole Hearing.**

11

12      Petitioner's contention that the alleged eight-month delay in

13  holding Petitioner's December 29, 2005 subsequent parole hearing

14  violated state law cannot merit federal habeas relief.  See Estelle v.

15  McGuire, 502 U.S. 62, 67-68 (1991) (state law violations not

16  cognizable on federal habeas corpus).  Petitioner also has failed to

17  show that any delay violated the Constitution.  To prove a

18  constitutional violation, Petitioner must show that the alleged delay

19  was both unreasonable and prejudicial.  See Meador v. Knowles, 990

20  F.2d 503, 506 (9th Cir. 1993); Camacho v. White, 918 F.2d 74, 79 (9th

21  Cir. 1990); Hopper v. United States Parole Comm'n, 702 F.2d 842, 845

22  (9th Cir. 1983); Biggs v. California, 2006 WL 2621057, at *3-4 (E.D.

23  Cal. Sept. 12, 2006).  Petitioner has made no showing that any delay

24  in holding his subsequent parole hearing prejudiced Petitioner.  See

25  Hopper v. United States Parole Comm'n, 702 F.2d at 845.  Petitioner

26  does not contend, and the record does not show, that the delay

27  influenced in any way the denial of parole.  The delay did not make

28  any material evidence unavailable to Petitioner.  Indeed, at the

                                    7

1    December 29, 2005 hearing, Petitioner confirmed that he had declined

2    an opportunity to review his Central file, explaining: "I already have

3    all the information I need" (Answer, Ex. 16, p. 30).  The Presiding

4    Commissioner asked Petitioner's counsel: "Counsel, have all your

5    client[']s rights been met to the best of your knowledge?" (Answer,

6    Ex. 16, p. 30).  Petitioner's counsel responded: "Yes, they have

7    Commissioner" (Answer, Ex. 16, p. 30).  Petitioner has not shown, and

8    the record does not show, that Petitioner suffered any prejudice from

9    the delay in holding the December 29, 2005 hearing.

10

11         Therefore, the state courts' rejection of this claim was not

12   contrary to, or an objectively unreasonable application of, any

13   clearly established Federal law as determined by the United States

14   Supreme Court.  See 28 U.S.C. § 2254(d).  Petitioner is not entitled

15   to habeas relief on this claim.

16

17   II.  **Petitioner Has Not Shown That the Alleged Delay in Holding a**

18        **Subsequent Parole Hearing Violated Petitioner's Plea Agreement.**

19

20         When a guilty plea rests in any significant degree on an

21   agreement with the government, the agreement must be fulfilled.

22   Santobello v. New York, 404 U.S. 257, 262 (1971); Gunn v. Ignacio, 263

23   F.3d 965, 969 (9th Cir. 2001).  The party asserting breach bears the

24   burden of proving the underlying facts establishing a breach.  See

25   United States v. Laday, 56 F.3d 24, 26 (5th Cir. 1995); United States

26   v. Packwood, 848 F.2d 1009, 1011 (9th Cir. 1988).  "Plea agreements

27   are contractual in nature and are measured by contract law standards."

28   Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003) (citation and

8

1  quotations omitted).

2

3      Petitioner contends that, at the time he entered his plea, he

4  understood "that the respondents would be complying with the state and

5  federal laws in effect at the time," including Petitioner's alleged

6  right to a timely subsequent parole hearing (First Amended Petition,

7  attached memorandum, pp. 5-10).  The California Court of Appeal

8  rejected Petitioner's claim, ruling that Petitioner had failed to show

9  that any delay breached the plea agreement (Motion to Dismiss,

10  Ex. 10).

11

12      The transcript of the plea hearing indicates that the court told

13  Petitioner:

14

15      One other thing that I don't have any control over.  I don't

16      have any control over what the State Board of Prison Terms

17      which we used to call the Adult Authority does.  But once

18      they decide to release you, they still can put you on parole

19      for such period as they feel is appropriate in this case.

20

21  (First Amended Petition, Ex. A, pp. 5-6; Answer, Ex. 16, pp. 16-17).

22

23      Thus, the court essentially advised Petitioner that there could

24  be no promises in the plea agreement concerning future parole

25  proceedings.  The court made it clear to Petitioner that the court had

26  "no control" over the Board's actions.  Nothing in the transcript

27  remotely suggests that the plea agreement included any term governing

28  the timing of future parole hearings.  Petitioner's subjective

9

1   expectations regarding future parole proceedings are irrelevant to the

2   validity of the plea.  See Buckley v. Terhune, 441 F.3d 688, 695 (9th

3   Cir. 2006), cert. denied, 127 S. Ct. 2094 (2007) (in determining

4   intent of parties with respect to plea bargain, "the relevant intent

5   is objective, . . . not a party's subjective intent") (citations and

6   quotations omitted); Calabrese v. United States, 507 F.2d 259, 260

7   (1st Cir. 1974) (unless the defendant affirmatively was misled by the

8   prosecutor, or the court failed to inquire sufficiently regarding the

9   plea, the court "cannot look into the subjective mental set of [the

10  defendant] to see to what extent misconceptions [regarding the

11  sentence] played a part in his guilty plea"); United States ex rel.

12  Curtis v. Zelker, 466 F.2d 1092, 1098 (2d Cir. 1972), cert. denied,

13  410 U.S. 945 (1973) ("subjective mistaken impression" does not require

14  withdrawal of plea; "to justify the issuance of a federal writ

15  vacating his guilty plea, the petitioner must bear the burden of

16  showing that the circumstances as they existed at the time of the

17  plea, judged by objective standards, reasonably justified his mistaken

18  impression") (emphasis added); United States v. Collado-Gomez, 674 F.

19  Supp. 426, 428 (E.D.N.Y. 1987), aff'd, 854 F.2d 1315 (2d Cir. 1988)

20  (defendant's subjective mistaken belief "unsupported by any promise

21  from the government or indications from the Court is insufficient to

22  invalidate a guilty plea"); see generally 16A Fed. Proc. L. Ed. §

23  41:435 (2007) ("the applicant's subjective belief as to the severity

24  of the sentence, unsupported by any promises from the government or

25  indications from the court" cannot support collateral relief)

26  (footnote omitted).

27  ///

28  ///

1    In sum, Petitioner has not shown that the Board's delay in
2  holding the December 29, 2005 hearing violated any term of
3  Petitioner's plea agreement.  See McCauley v. Brown, 2006 WL 3020905,
4  at *7 (N.D. Cal., Oct. 23, 2006) (Board's unsuitability finding did
5  not violate plea agreement where, at time of plea, petitioner admitted
6  that he understood that the maximum punishment was life imprisonment
7  and that the issue of his release from custody "was a determination
8  that people other than himself would make"); Chan v. Kane, 2006 WL
9  3020906, at *8 (N.D. Cal., Oct. 23, 2006) (Board's unsuitability
10  finding did not violate plea agreement, where petitioner failed to
11  demonstrate that Board's actions breached any particular term of plea
12  agreement); In re Honesto, 130 Cal. App. 4th 81, 92, 29 Cal. Rptr. 3d
13  653 (2005) (where plea agreement contained no promise or
14  representation that petitioner had a "right to parole" in accordance
15  with the matrix of base terms, or that the Board would not consider
16  the facts of the underlying offense in deciding whether petitioner was
17  suitable for parole, Board did not violate plea agreement by deeming
18  petitioner unsuitable for parole); In re DeLuna, 126 Cal. App. 4th
19  585, 599, 24 Cal. Rptr. 3d 643 (2004) (rejecting claim that plea
20  agreement constrained prosecutor's arguments at hearing and prevented
21  Board from denying suitability, where plea agreement did not contain
22  any promise that petitioner would be released on parole at any
23  specific time or that prosecutor would cease arguing on a given date
24  that petitioner's commitment offense was especially callous); compare
25  Brown v. Poole, 337 F.3d at 1159-62 (ordering specific performance of
26  plea agreement where prosecutor made express promise that petitioner
27  would serve only half of minimum term if she remained disciplinary
28

1  free, and petitioner fulfilled her side of the bargain).[2]

2

3       In sum, the state courts' rejection of this claim was not

4  contrary to, or an objectively unreasonable application of, any

5  clearly established Federal law as determined by the United States

6  Supreme Court.  See 28 U.S.C. § 2254(d).  Petitioner is not entitled

7  to habeas relief on this claim.

8

9                           **RECOMMENDATION**

10

11      For the foregoing reasons, IT IS RECOMMENDED that the Court issue

12  an Order: (1) approving and adopting this Report and Recommendation;

13  and (2) denying and dismissing the Petition with prejudice.

14

15       DATED:  January 18, 2008.

16

17                        _____/S/_____

18                             CHARLES F. EICK
                         UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27      [2]    In light of this determination, the Court need not, and
28  does not, adjudicate Respondent's contention that Petitioner's
    claim of breach of the plea agreement is moot.

                                  12

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.